[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff brings this action against the defendants seeking recovery of damages resulting from bites inflicted by two dogs owned or kept by the defendants.
The defendants, in their Special Defense, allege that the plaintiff's own conduct was responsible for her losses in that she was a trespasser under Conn. Gen. Stat. 22-357; that she ignored posted warning signs and verbal warnings not to enter the fenced-in area; and, that she provoked the dogs under Conn. Gen. Stat. 22-357.
The factual situation briefly is all parties knew one CT Page 157 another; they had visited one another's home in the past. The defendant, Charles Boodley, had done odd jobs for the plaintiff at her home. He also worked on her car several times at various locations with at least one of those locations the defendant's home.
The plaintiff had telephoned the defendant Boodley about two weeks prior to the date of the biting incident leaving a message on his answering machine that she wanted to see him about doing some work on her car.
On April 14, 1991 the plaintiff drove to the defendants' home to speak with Boodley about doing work on her car. She went to the front door, did not knock, instead decided to go to the rear door. In going to the rear door the plaintiff had to enter a fenced in area with a "beware of dogs" sign and a "no trespassing" sign. She also had to go through a latched gate. Once within the fenced compound, two dogs rushed to her and attacked her. Her screams were heard by Boodley who was in the house. He came out, called the dogs off, and took the plaintiff to the hospital in her car at her request.
The plaintiff suffered severe bites and tears to her right arm and left leg. She was hospitalized and received surgical, anesthesiological and radiological treatment.
The plaintiff has residual scarring on her arm and leg.
The principal issues presented concern the plaintiff's status on the premises, that is, was she an invitee or a trespasser.
The court after hearing the evidence, examining the exhibits and applying the applicable statutory and case law makes the following findings:
The parties had social contacts prior to the April 14, 1991 incident with the parties visiting at each others home. The defendant Charles Boodley had a business relationship with the plaintiff wherein he did odd jobs for her both at her home and at least once at the defendants' home, 16-18 Burwell Avenue, Southington, Connecticut.
That the plaintiff had notified Boodley by telephone answering machine of her interest in having him do repairs to her automobile. CT Page 158
On April 14, 1991, the plaintiff stopped at the defendants' home to discuss with Boodley the repairs to her automobile. Her entry into the fenced compound was to discuss with Boodley the car repairs. The fencing was new to her. She was aware of the two dogs from previous visits to the defendants' premises, although during those visits the dogs were either within the house or restrained with a chain in the rear yard. She was not aware that the dogs were permitted to roam freely within the fenced compound.
The court further finds that "no trespassing" and "beware of dogs" signs were previously present in the rear area of the premises. That the plaintiff had been permitted into that area at those times.
The court also finds that the plaintiff was a business invitee on the premises. That the defendant, Marie Lapico, was the owner of the dog, Kyrie, that the defendant, Susan Lapico, was the owner of the dog, Shawn; and that the defendant Charles Boodley, was the keeper of both dogs. On April 14, 1991, Boodley was the only person on the premises. He had released the dogs from the house and permitted them to roam the rear fenced enclosure. Further, he had unlocked the padlocked gate and left it unlocked so that he could freely go to the garage. The unpadlocked gate permitted the plaintiff access to the enclosure.
Further, the court finds that the plaintiff suffered severe dog bite wounds to her right arm and left leg. That she required medical care and that there was resulting pain and suffering, and scarring from the wounds.
Therefore, in accord with these findings, judgment may enter for the plaintiff as against each defendant in the sum of $35,000.00, together with taxable costs.
JULIUS J. KREMSKI STATE TRIAL REFEREE CT Page 159